UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| SPRINGFIELD PREMIUM NATURAL WATER, INC., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Civil Action No. CV-14-S-404-NW ) |
| DONNA ZERBO, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDERS

Timothy Shelton, former owner and principal of plaintiffs Springfield Premium Natural Water, Inc., and Tennessee Valley Bottling Co., LLC,[1] commenced this action on behalf of those entities in the Circuit Court of Lauderdale County, Alabama, on January 31, 2014. The complaint alleged claims against six defendants: *i.e.*, Donna Zerbo; AAF-Springfield, Inc.; Sage Capital Management, LLC; Laurence C. Busch; Gerald McGee; and, Joey Bogus.[2] Defendant AAF-Springfield, Inc., timely removed

---

[1] *See* doc. no. 29 (Proposed Amended Complaint/Affidavit of Timothy Shelton); *see also* doc. no. 12 (Motion to Withdraw as counsel for plaintiffs), at 3 (03-21-2014 letter to counsel signed by Tim Shelton).

[2] Plaintiffs in this case, Springfield Premium Natural Water, Inc., and Tennessee Valley Bottling Co., LLC, previously asserted claims against defendants Donna Zerbo and AAF-Springfield, Inc., in a case that was dismissed with prejudice by this court on December 16, 2013. Plaintiffs' claims against Zerbo and AAF-Springfield in that action were dismissed without prejudice because plaintiffs failed to serve them. *See Springfield Premium Natural Water, Inc. v. Zerbo*, Civ. No. CV-12-S-3890-NW (N.D. Ala. December 16, 2013).

the action on March 7, 2014.[3] Defendant Donna Zerbo is the president and Chief Executive Officer of defendant AAF-Springfield, Inc.[4] Defendants Sage Capital Management, LLC, and Laurence Busch are former financial advisors to the plaintiffs.[5] Defendants Gerald McGee and Joey Bogus are former employees of plaintiff Springfield Premium Natural Water, Inc.

Plaintiffs' complaint asserts five state-law claims. Count I alleges that defendants Donna Zerbo and AAF-Springfield, Inc., fraudulently induced Timothy Shelton to convey control of plaintiffs, and that Zerbo and AAF-Springfield then used that control to misappropriate plaintiffs' assets.[6] Count II alleges that Zerbo intentionally and negligently breached her fiduciary duty to plaintiffs.[7] Count III alleges that the defendants fraudulently induced plaintiffs to appoint Donna Zerbo and her business partner to the board of directors of plaintiff Springfield Premium Natural Water, Inc., and to convey all interests in plaintiffs to AAFCOR, Inc., a

---

[3] Doc. no. 1 (Notice of Removal). At the time of removal, both AAF-Springfield, Inc. and Joey Bogus had been served, but AAF-Springfield argued that Bogus had been fraudulently joined. *Id.* ¶ 4. Defendants Sage Capital Management, LLC and Laurence Busch consented to and joined AAF-Springfield's removal on that same date of March 7, 2014. Doc. no. 3. Defendant Donna Zerbo consented to and joined the removal on July 21, 2014, twenty-one days after she was served. Doc. no. 59.

[4] Doc. no. 1-1 (Complaint), ¶ 2.

[5] *Id.* ¶¶ 4–5.

[6] *Id.* ¶¶ 7, 9–10.

[7] *Id.* ¶¶ 13–14.

2

"sham" corporation.[8] Count IV alleges that defendants Joey Bogus and Gerald McGee converted plaintiffs' assets for "their own use or for the benefit and use of the defendants."[9] Finally, Count V alleges that defendants conspired to commit the misconduct described in Counts I through IV.[10]

Plaintiffs filed a motion to remand the action to state court, alleging a lack of complete diversity of citizenship.[11] All defendants (except Gerald McGee, whom plaintiffs failed to serve) filed (or joined in) motions to dismiss plaintiffs' claims based upon multiple grounds.[12] Plaintiffs, in turn, filed a motion for leave to amend their complaint, in order to address the issues raised in defendants' motions to dismiss.[13] One of the two attorneys representing plaintiffs renewed a previously-denied motion to withdraw.[14] Defendants also filed two motions to strike several of plaintiffs' replies.[15] Finally, plaintiffs filed a motion to continue.[16]

The motions referenced in the preceding paragraph were set for oral argument

---

[8] *Id.* ¶¶ 16–17.
[9] *Id.* ¶ 20.
[10] Doc. no. 1-1 (Complaint), ¶¶ 23–24.
[11] Doc. no. 11.
[12] Doc. nos. 5, 7, 37.
[13] Doc. no. 23.
[14] Doc. no. 28.
[15] Doc. nos. 53, 54.
[16] Doc. no. 27.

on November 21, 2014, at 10:00 a.m.[17] Despite notice, plaintiffs' counsel failed to appear: *see* the attached affidavits of Stephanie Tolen, Docket Specialist, and Lisa Waters, Courtroom Deputy Clerk (testifying that this court's order setting all pending motions for oral argument was successfully transmitted to plaintiffs' counsel via e-mail on November 14, 2014). Accordingly, this opinion will address the merits of all pending motions based solely upon the parties' pleadings.

### I. MOTION TO REMAND

Plaintiffs moved to remand based upon the contention that complete diversity of citizenship is lacking.[18] *See* 28 U.S.C. § 1332(a)(2); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). There are two allegedly non-diverse defendants whose citizenship purports to defeat diversity jurisdiction: Joey Bogus and Gerald McGee, both of whom, like plaintiffs, are citizens of the State of Alabama.[19] Defendants argue, however, that Bogus and McGee have been fraudulently joined, and that the court must exclude those defendants from its jurisdictional analysis.[20]

The Eleventh Circuit has held that a non-diverse defendant will be deemed to have been fraudulently joined when there is no possibility that a plaintiff can prove

---

[17] Doc. no. 60.

[18] Doc. no. 11 (Motion to Remand), ¶ 1.

[19] Doc. no. 1-1 (Complaint), ¶¶ 1, 3.

[20] Doc. no. 17 (Response to Motion to Remand), at 9–10.

a cause of action against the resident (non-diverse) defendant. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). A defendant may meet its "heavy" burden of proving that there is no such possibility by showing that a plaintiff's claims are time-barred. *See Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006); *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Here, plaintiffs' claims of fraud, conspiracy, and conversion against Bogus and McGee are time-barred under Alabama law. The statutes of limitation governing those claims are either two or six years. *See* Ala. Code §§ 6-2-3, 6-2-34 (1975). According to the complaint, Bogus and McGee engaged in the alleged misconduct in 2006 and 2007: more than six years before the commencement of this action on January 31, 2014.[21]

Plaintiffs do not address those issues in their motion to remand. Instead, they contend that defendants have not produced "clear and convincing evidence" of fraudulent joinder.[22] This court concludes, however, that defendants have produced clear and convincing evidence that plaintiffs' claims against Joey Bogus and Gerald McGee are time-barred and, thus, those defendants were fraudulently joined.

---

[21] Doc. no. 1-1 (Complaint), ¶ 20.
[22] Doc. no. 11 (Motion to Remand), ¶ 2–3.

Accordingly, plaintiffs' motion to remand is due to be denied, and all claims asserted against Joey Bogus and Gerald McGee are due to be dismissed with prejudice.

## II. PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT

A court may deny a motion for leave to amend a complaint when the claims asserted in the amended complaint would have been subject to dismissal as a matter of law. *See, e.g.*, *Hall v. United Insurance Company of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). Here, all of the claims in plaintiffs' proposed amended complaint are founded upon theories of negligence, wantonness, breach of fiduciary duty, fraud, breach of contract, and conspiracy, and all are time-barred. Each of those claims is governed by either a two or six-year statute of limitations. *See* Ala. Code §§ 6-2-3, 6-2-34. Again, according to plaintiffs' proposed amended complaint, the facts giving rise to those claims occurred in 2006 and 2007: more than six years before the commencement of this action.[23] Even so, plaintiffs offer five reasons why this court should not find that their claims are time-barred.[24] First, they ask the court to use its discretion to allow plaintiffs to conduct discovery before ruling on the statute of limitations issue. The court declines the invitation to do so.

Plaintiffs next argue that the statute of limitations issue involves factual

---

[23] *See* doc. no. 29 (Proposed Amended Complaint).
[24] *See* doc. no. 26 (Response to Motion to Dismiss), at 19.

disputes that must be resolved by a jury.[25] The Alabama Supreme Court has held that a court may decide questions regarding statutes of limitation as a matter of law only when the relevant facts are not in dispute. *See Gonzales v. U–J Chevrolet, Co.*, 451 So. 2d 244, 247 (Ala. 1984); *Sexton v. Liberty National Life Insurance Co.*, 405 So. 2d 18, 21 (Ala. 1981). Here, plaintiffs' proposed amended complaint clearly alleges that the facts supporting each of plaintiffs' claims occurred in 2006 and 2007.[26] Further, as discussed below, the only two arguments offered by plaintiffs in favor of tolling the statutes of limitation — arguments which *might have* created a factual dispute — are without merit. Accordingly, this argument fails.

Plaintiffs next argue that defendants committed "overt acts" in 2012, 2013, and 2014 which effectively restarted the statute of limitations governing plaintiffs' conspiracy claims.[27] For this proposition, plaintiffs cite federal, criminal conspiracy cases and one case from the Northern District of California.[28] The Alabama Supreme Court has held, however, that the statute of limitations governing a civil conspiracy claim begins to run at the same time as the underlying cause of action. *See Boyce v. Cassese*, 941 So. 2d 932, 943 (Ala. 2006); *Kelly v. Alexander*, 554 So. 2d 343, 344

---

[25] *Id.* at 18.

[26] *See* doc. no. 29 (Proposed Amended Complaint).

[27] *See* doc. no. 26 (Response to Motion to Dismiss), at 15.

[28] *See id.*

(Ala. 1989), *overruled on other grounds by Ford Motor Co. v. Neese*, 572 So. 2d 1255 (Ala. 1990). Accordingly, this argument also fails.

Plaintiffs next argue that the statutes of limitation governing their claims should be tolled under the doctrine of "adverse domination." That doctrine generally provides that, during any period in which a corporate plaintiff is under the complete, adverse control of a defendant who has been perpetrating fraud against the corporate plaintiff, the statutes of limitation governing that plaintiff's claims against that defendant are tolled. *See generally Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (discussing the doctrine of adverse domination under Illinois law). Importantly, however, the adverse domination doctrine, while common to many states and to federal common law, has not been adopted by Alabama courts. Even so, it is related to Alabama's "discovery rule," which provides that, in cases of fraud, the statute of limitations does not run until "discovery by the aggrieved party of the fact constituting the fraud." Ala. Code § 6-2-3 (1975); *see also Independent Trust*, 665 F.3d at 935 (describing the Illinois adverse domination doctrine as "an extension of the Illinois discovery rule"). Therefore, this court will assume for the sake of discussion that Alabama courts, when faced with similar facts and in light of the purpose of the State's discovery rule, would apply the doctrine of adverse domination.

Plaintiffs cite a federal case from this district in support of their adverse domination theory. *Hunt v. American Bank & Trust Company of Baton Rouge, Louisiana*, 606 F. Supp. 1348, 1358 (N.D. Ala. 1985) (Hancock, J.). That opinion states that, in cases involving the adverse domination of a corporate plaintiff, the statute of limitations begins to run when information about the defendant's fraudulent conduct is available to a person with the ability to bring an action on the corporation's behalf. *See id.* Nevertheless, it is obvious that the person relevant to such a determination in this case is Timothy Shelton, who instituted the action on behalf of plaintiffs, and whose affidavit was incorporated into plaintiffs' proposed amended complaint.[29] Plaintiffs have offered no arguments regarding *when* Shelton knew about defendants' fraudulent conduct. Even so, a brief that Shelton filed in the United States Bankruptcy Court for the Northern District of Alabama on July 23, 2007 asserted fraud claim against Donna Zerbo and others that are substantially similar to those alleged in plaintiffs' proposed amended complaint.[30] Accordingly, the court concludes that Shelton was aware of defendants' allegedly fraudulent conduct more than six years before the present action was filed.

---

[29] *See supra* note 1; *see also* doc. no. 29 (Proposed Amended Complaint/Affidavit of Timothy Shelton).

[30] *Compare In re* Timothy Shelton, Case No. 07-81534-JAC-11 (Bankr. N.D. Ala. July 23, 2007), doc. no. 65, *with* doc. no. 29 in the present action (Proposed Amended Complaint/Affidavit of Timothy Shelton).

9

Further, as the court concludes below, Mr. Shelton was capable of bringing an action on plaintiffs' behalf at the time he learned of defendants' allegedly fraudulent conduct: *i.e.* more than six years before the commencement of this action. Thus, even if the doctrine of adverse domination is applicable, plaintiffs' claims still would be time-barred.

Finally, plaintiffs contend that Timothy Shelton's bankruptcy proceeding, which began in 2007 and ended in 2012, tolled all statutes of limitations relevant to plaintiffs' claims. In support of that argument, plaintiffs contend that, upon filing for bankruptcy, Shelton's legal interests were bound up into an "estate," and those interests were stayed until his bankruptcy proceeding was complete. *See* 11 U.S.C. § 362, 541(a). Plaintiffs argue that Alabama Code § 6-2-12 — which provides that statutes of limitation are tolled during periods in which a plaintiff is prevented from commencing an action by injunction or statute — requires that the statutes of limitation governing plaintiffs' claims be tolled for the time period embracing Shelton's bankruptcy proceeding. Plaintiffs' arguments are without merit for two reasons. First, it was Timothy Shelton who filed the bankruptcy proceeding, not plaintiffs. As plaintiffs so strongly advise, the court must not "completely ignore the distinction between Timothy Shelton as an individual and Plaintiffs, as separate

10

corporate legal entities."[31] Indeed, Shelton did not mention either of the plaintiffs or his interests in them in his bankruptcy schedule.[32]

Second, the bankruptcy statutes exclude from the debtor's "estate" any "power that the debtor may exercise *solely for the benefit of an entity other than the debtor.*" 11 U.S.C. § 541(b)(1) (emphasis supplied). In short, Shelton retained the ability to bring an action on behalf of plaintiffs during his bankruptcy, and Alabama Code § 6-2-12 does not apply.

Accordingly, the court concludes that all claims asserted in plaintiffs' proposed amended complaint are time-barred, and their motion to amend is thus due to be denied.

### III. REMAINING DEFENDANTS' MOTIONS TO DISMISS

Defendants Donna Zerbo, AAF-Springfield, Inc., Sage Capital Management, LLC, and Laurence C. Busch have moved for dismissal of all claims on the ground that they are time-barred. Those motions are due to be granted, and all claims asserted in this action are due to be dismissed.

### IV. MOTION TO WITHDRAW

This motion is due to be granted.

---

[31] Doc. no. 50 (Reply to Defendant's Opposition to Motion to Amend Complaint), at 6.
[32] *See In re* Timothy Shelton, No. 07-81534-JAC-11 (Bankr. N.D. Ala. July 23, 2007), doc. no. 1.

## V. DEFENDANTS' MOTIONS TO STRIKE

These motions are due to be denied as moot.

## VI. PLAINTIFFS' MOTION TO CONTINUE

After plaintiffs filed their motion to continue this court's ruling on defendants' motions to dismiss until after plaintiffs had completed discovery, they joined defendants in filing a motion to stay all deadlines pending this court's ruling on those motions to dismiss.[33] This court granted the joint motion to stay. Accordingly, plaintiffs' motion to continue is due to be denied as moot.

## VII. CONCLUSIONS AND ORDERS

In accordance with the foregoing, plaintiffs' motion to remand is DENIED. All claims asserted against defendants Gerald McGee and Joey Bogus are DISMISSED with prejudice. The motion to dismiss filed by Joey Bogus is DENIED as moot. Plaintiffs' motion to amend their complaint is DENIED. The motion to dismiss filed by defendant AAF-Springfield, Inc., and joined by defendant Donna Zerbo is GRANTED, and all claims asserted against those defendants are DISMISSED with prejudice. The motion to dismiss filed by defendants Laurence C. Bush and Sage Capital Management, LLC, is GRANTED, and all claims asserted against those defendants are DISMISSED with prejudice. The renewed motion to withdraw as

---

[33] Doc. no. 39.

counsel for plaintiffs filed by attorney Rodney B. Slusher is GRANTED. The motions to strike filed by AAF-Springfield, Inc., are DENIED as moot. Plaintiffs' motion to continue is DENIED as moot. Costs are taxed to plaintiffs. The Clerk is directed to close this file.

DONE and ORDERED this 25th day of November, 2014.

_____
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **SPRINGFIELD PREMIUM NATURAL WATER, INC.,** *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> **DONNA ZERBO,** *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. CV-14-S-404-NW

STATE OF ALABAMA
MADISON COUNTY

# AFFIDAVIT

Personally appeared before me, the undersigned notary public in and for said county and state, Stephanie Parrish Tolen, who being by me first duly sworn, deposes and says as follows:

1. My name is Stephanie Parrish Tolen and I am over the age of 19.

2. I am employed as a Docket Specialist by the United States District Court for the Northern District of Alabama.

3. On November 14, 2014, I transmitted this court's order setting all pending motions for oral argument to plaintiff's counsel, James Quinnon Stanphill, Jr., via e-

mail to this address: jqsjr@aol.com.

4. The electronic notification system utilized by this court delivers notifications if transmission of a document is unsuccessful. I received no notification that this order was not received by Mr. Stanphill.

*Stephanie Parrish John*

SWORN TO and subscribed before me on this the 24th day of November, 2014.

*Jammy Aziz*
Notary Public
My Commission Expires: 11-6-2016

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **SPRINGFIELD PREMIUM NATURAL WATER, INC.,** *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )  Civil Action No. CV-14-S-404-NW |
| **DONNA ZERBO,** *et al.*, | )<br>)<br>)<br>) |
| Defendants. | ) |

STATE OF ALABAMA
MADISON COUNTY

# AFFIDAVIT

Personally appeared before me, the undersigned notary public in and for said county and state, Lisa Campbell Waters, who being by me first duly sworn, deposes and says as follows:

1. My name is Lisa Campbell Waters and I am over the age of 19.

2. I am employed as a Courtroom Deputy Clerk by the United States District Court for the Northern District of Alabama.

3. On November 21, 2014, at approximately 10:00 a.m., I was present at the call of the docket on which this case was set.

4. Counsel for plaintiff, James Quinnon Stanphill, Jr., was not present.

5. At the direction of the court, I immediately placed a telephone call to the office of Mr. Stanphill as shown on our court's records (256-764-1830). I spoke with

him regarding his absence from the hearing which had been scheduled to begin at 10:00 a.m. Mr. Stanphill stated that he had not received notification of such hearing. I reviewed the docket sheet in this case, and recited to him his e-mail address on record in this court (jqsjr@aol.com), which he verified to be accurate.

_____
Lisa Campbell Waters

SWORN TO and subscribed before me on this the 24th day of November, 2014.

_____
Notary Public
My Commission Expires: 11-6-2016